DECISION AND JUDGMENT ENTRY
Thomas Daugherty appeals the length of his prison sentence and the determination that he is a sexual predator. He assigns the following errors:
 I. The trial court erred in sentencing Appellant to more than the minimum available prison term, where Appellant had not previously served a prison term.
 II. The trial court erred in designating Appellant as a sexual predator.
Finding ample support in the record for the trial court's findings and sentence, we overrule both assignments of error.
Appellant pled guilty to a single charge of Rape, in violation of R.C. 2907.02(A)(1)(b). He admitted to performing fellatio on a two-year-old boy and causing bruising of the child's penis. The child was under the care of appellant's mother, who was baby-sitting the child. Appellant admitted to an investigator that he had been "a little bit" sexually aroused when he performed fellatio on the child and that he had had some thoughts of having sexual conduct with children. Appellant, who was nineteen at the time of the offense, had no prior charges or convictions of a sexual nature. But, when he was seventeen he had engaged in sexual activity for hire with an adult male.
The trial court conducted a single hearing for the sentencing and sexual predator designation. A clinical psychologist, Dr. Harding, testified at the hearing about the likelihood that appellant would re-offend. He found that appellant functioned at a borderline range of intelligence. He testified that the following factors are indicative of a higher risk that appellant would commit another sex offense: (1) that he had committed this offense, (2) his mental capacity, (3) the manner in which he committed the offense, (4) his age, (5) his inability to obtain employment due to his educational background and mental capacity, (6) the age of the victim, and (7) the gender of the victim. He testified that appellant's previous victimization, i.e., the allegation that he, while still a minor, had engaged in sexual activity for hire, does not either increase or decrease the likelihood of re-offending. He testified that the following factors decreased the likelihood of re-offending: (1) no previous sex offenses and (2) his home life, as reported by the appellant.[1]
Dr. Harding also testified about the manageability of the risk factors. He explained that, with counseling and other types of intervention, appellant could become more empathetic with his victims and could become more employable. He concluded that the factors that make appellant more likely to re-offend could be offset by intervention, but the intervention he needs is probably not available in prison.
The victim's grandmother spoke on behalf of the victim and his family. She indicated that the child is plagued by nightmares, has started acting out, and doesn't trust his family. She also stated that his entire family has suffered a loss of trust as a result of appellant's actions.
At the conclusion of the evidence the trial court addressed appellant's sexual predator status. The trial court considered the factors outlined in R.C. 2950.09(B)(2)(a)-(j). After weighing Dr. Harding's testimony and the other evidence adduced at the hearing, the trial court found that appellee had proven by clear and convincing evidence that appellant is a sexual predator. Consistent with the court's comments at the hearing, a subsequent entry designated appellant a sexual predator because clear and convincing evidence established that he is a person who is likely to engage in one or more sexually oriented offenses in the future.
Next, the trial court proceeded to sentencing. The court noted that the injury to the victim was aggravated by his age and that the appellant caused him serious psychological harm. The trial court found that the pre-sentence investigation indicated that appellant had not expressed any remorse. The court determined that "imposing the minimum sentence would not be adequate to protect the public nor to punish the offender," based upon the age of the victim, the injury to the victim and the danger appellant poses upon his release. Consistent with the court's findings at the hearing, it imposed more than the minimum sentence, a term of eight years, in its judgment entry.
In his first assignment of error, appellant asserts that he should have been sentenced to the minimum period of incarceration because he had not previously served a prison term. Once a trial court elects to impose a prison sentence, the shortest authorized prison term is presumed to be appropriate if the offender has not previously served a prison term. R.C. 2929.14(B). However, the trial court may impose a longer sentence if it finds on the record that the shortest prison term will either demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. Id. See, also, State v.Goff (June 30, 1999), Washington App. No. 98CA30, unreported. Appellant does not dispute that the trial judge was authorized to impose a harsher than minimum sentence if imposition of the minimum sentence would not protect the public from future crime by the Offender or others. Rather, appellant argues that the trial court's findings in this regard were not supported by the record. Accordingly, we must initially determine whether appellant's contention that the trial court's findings were not supported by the record is appealable as a "sentence contrary to law."
Under R.C. 2953.08(A)(4), an offender has an appeal of right from a sentence that is contrary to law. Although giving more than the minimum prison sentence is not listed as a basis for an appeal of right in R.C. 2953.08(A), R.C. 2929.14(B) requires that the factors justifying more than the minimum sentence be based upon a finding on the record. Imposing such a sentence without making the required findings would be appealable as being "contrary to law." Griffin Katz, Ohio Felony Sentencing Law (1999) 531, fn. 21. Likewise, making a statutory finding when there is no evidence in the record to support it would be contrary to law. Thus, we conclude we must review the record to see if the trial court's finding that the minimum sentence would not be adequate to protect the public is supported by the record. See, also, R.C. 2953.08(G)(1)(a). In doing so, unless we find by clear and convincing evidence that there is no evidence in the record to support the court's finding, we must affirm it. Id.
Clear and convincing evidence is that which provides a firm belief as to the facts sought to be established.[2] SeeCincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121,122. It is more than a mere "preponderance of the evidence," but less than "beyond a reasonable doubt."
The trial court indicated its findings were based upon the serious psychological injury and physical injury to the victim, which was exacerbated by his age, and the danger appellant poses to society. Appellant does not dispute the injury suffered by the victim. Rather, he asserts that the evidence adduced at the hearing did not support the trial court's conclusion that the minimum sentence would not be adequate to protect the public.
After reviewing the evidence presented at the sentencing hearing and the pre-sentence investigation report, we find that the sentence is supported by the record. While it is true that appellant has had no prior convictions that resulted in a prison or jail term, the factors Dr. Harding discussed support the conclusion that appellant is likely to re-offend. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. See State v. Daniels
(Feb. 24, 1998), Franklin App. No. 97APA6-830, unreported, affirmed (1998), 84 Ohio St.3d 12. When considered with Dr. Harding's testimony concerning the factors which indicate that the appellant is likely to re-offend, the record supports the trial court's finding that a minimum sentence would not protect the public from the appellant.
While we are required to review the finding that a minimum sentence is not appropriate, we need not address the wisdom of the actual term of incarceration in this context. Where the court applies the statutory criteria and principles, and the finding(s) required under R.C. 2929.14(B) are supported by the record, the decision to impose a specific term beyond the minimum sentence is discretionary and not subject to appellate review as being "contrary to law." Rather, such an appeal in that instance amounts to a contention that the trial court abused its discretion and can be reviewed only upon leave of the appellate court. Griffin Katz, supra, at 529. See, also, State v. Cruz
(Feb. 27, 1998), Fulton App. No. F-97-23, unreported. Accordingly, the first assignment of error is meritless.
In his second assignment of error, appellant asserts that the trial court erred in determining that he is a sexual predator. A sexual predator is defined as a person who has been convicted of or has pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). Sexual predator classification proceedings under R.C. 2950.09 are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.09(B);State v. Cook (1998), 83 Ohio St.3d 404, 408, 418, certiorari denied (1999), 119 S.Ct. 1122. We will not reverse a trial court's determination that an offender is a sexual predator if it is supported by some competent credible evidence. State v. Meade
(Apr. 30, 1999), Scioto App. No. 98CA2566, unreported. This deferential standard of review applies even though the state must prove the offender is a sexual predator by clear and convincing evidence. Id.; see, also, State v. Hannold (June 28, 1999), Washington App. No. 98CA40, unreported.[3]
In order to determine if the offender is likely to engage in future sexually oriented offenses, the trial court must consider all relevant factors, including the ones listed in R.C.2950.09(B)(2). These factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
We note that the statute requires a court to consider all relevant factors. The statute does not, however, require a trial court to make explicit findings regarding relevant factors. SeeHannold, supra; State v. Smith (July 20, 1998), Hocking App. No. 97CA10, unreported. Furthermore, a trier of fact may look at past behavior in determining future propensity because past behavior is often an important indicator for future propensity. State v.Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported, citing Kansas v. Hendricks (1997), 521 U.S. 346, 138 L.Ed.2d 501,117 S.Ct. 2072, and Heller v. Doe (1993), 509 U.S. 312,125 L.Ed.2d 257, 113 S.Ct. 2637, affirmed (1998), 84 Ohio St.3d 9. For that very reason a court may designate a first time offender as a sexual predator. See, e.g., Meade; State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported.
Appellant finds three faults with the trial court's determination. First, he contends that the trial court should have given more weight to the fact that this is his first offense. Second, he argues that the trial court should not have held his prior conduct, while a minor, of engaging in sexual activity for hire against him. Third, he suggests that the trial court should have considered Dr. Harding's testimony that many of the factors that increase the risk of appellant re-offending could be offset by various interventions. We will examine each of these concerns in turn.
First, the record is clear that the trial court considered that appellant was a first time offender; it is not our function to engage in a re-weighing of the factors set forth in R.C.2950.09(B)(2). See Watts; Meade. Second, to the extent, if any, that the trial court held his prior activity of engaging in sexual activity for hire against him, we find no error because we believe it is relevant to the task at hand, notwithstanding Dr. Harding's opinion to the contrary. Third, the entry indicates that the trial court did consider all of Dr. Harding's testimony. The fact that an offender may not re-offend if he receives appropriate interventions does not preclude designating that offender as a sexual predator. See Meade. Upon expiration of the applicable time period and presumably some form of intervention after his release, an offender may petition to the court to obtain an entry stating that the offender is no longer a sexual predator. R.C. 2950.09(D); Cook at 408.
The competent, credible evidence produced at the hearing supporting the trial court's ruling includes (1) that appellant's victim was only two-years-old and (2) Dr. Harding's testimony that appellant is more likely to re-offend because of his mental abilities, his age, and the gender of his victim. There is overwhelming statistical evidence supporting the high potential for recidivism among sex offenders whose crimes involve the exploitation of young children. See, e.g., Hendricks, supra.
Furthermore, any offender that risks the universal legal and moral reprobation of such abuse demonstrates such a lack of restraint that the risk of recidivism must be viewed as "considerable." Hannold, citing Smith, supra.
Having found that the trial court's determination that appellant is a sexual predator is supported by competent, credible evidence and having rejected appellant's arguments, we conclude that the trial court's determination is not against the manifest weight of the evidence. Accordingly, we overrule the appellant's second assignment of error.
Having overruled both assignments of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.:
Concur in Judgment Only as to Assignment of Error I
Concur in Judgment and Opinion as to Assignment of Error II.
For the Court
BY: William H. Harsha, Judge.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Dr. Harding's testimony was based upon an interview with appellant without verification of his statements. Therefore his opinion is conditioned upon appellant's truthfulness.
[2] Clear and convincing evidence is typically a burden of proof that applies to the trier of fact, rather than a standard of review for an appellate court.
[3] Rather than applying a clear and convincing burden of proof as we did in the first assignment of error, here we review a factual determination that is based upon that standard.